UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| MINTVEST CAPITAL, LTD. | ) Case No.: 24- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **BREACH OF CONTRACT,** |
| | ) |
| NYDIG TRUST COMPANY; | ) **UNJUST ENRICHMENT** |
| NYDIG MINING LLC; and STONE | ) |
| RIDGE HOLDINGS GROUP, LP, | ) **DEMAND FOR JURY TRIAL** |
| | ) |
| Defendants. | ) |

## COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW** Plaintiff Mintvest Capital, Ltd, ("Mintvest"), by and through its undersigned counsel, hereby sue defendants Stone Ridge Holdings Group, LP ("Stone Ridge") and NYDIG Trust Company ("NYDIG"), and in support thereof states and prays very respectfully as follows:

## THE PARTIES

1. Plaintiff Mintvest is a Delaware corporation.

2. Upon information and belief, Defendant NYDIG Trust Company is a legal entity with its principal place of business at One Vanderbilt Place, 65th Floor, New York, NY, which is a wholly owned subsidiary of Defendant Stone Ridge.

3. Upon information and belief, Defendant NYDIG Mining, LLC is a legal

entity with its principal place of business at One Vanderbilt Place, 65th Floor, New York, NY, which is a wholly owned subsidiary of Defendant Stone Ridge.

4. Upon information and belief, Defendant Stone Ridge is a legal entity with its principal place of business at 510 Madison Avenue, 21st Floor, New York, NY.

5. The true names and/or capacities, whether individual, corporate, associate, or otherwise of Defendant Does 1 through 20, inclusive, are unknown to Plaintiff at this time, and Plaintiff, therefore, sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereupon alleges that each of the Defendants fictitiously named herein as a DOE is legally responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to and that the acts and omissions of said Defendants were a legal cause of the resulting injury and damages to Plaintiff as hereinafter alleged. Plaintiff will amend this Complaint to assert the true names and/or capacities of such fictitiously named Defendants when the same have been ascertained.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. § 1332 because there exists complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the relevant transaction occurred in Puerto Rico.

## ALLEGATIONS COMMON TO ALL CLAIMS

8. Article 1489 of the Puerto Rico Civil Code provides that whoever pays the

wrong party pays twice.

9. Article 1489 focuses on the rights of subcontractors and employees as to the owner of construction project rather than the contractor, but the legal theory applies equally to the situation here.

10. On information and belief, NYDIG developed an interest in purchasing Coinmint LLC in early 2023 and began to conduct due diligence regarding that purchase.

11. In the course of conducting that due diligence, Joshua Burandt, the Head of Strategic Partnerships of NYDIG met with Mr. Leary on May 11, 2023 in person at NYDIG office in NYC.

12. The meeting was scheduled after Mintvest's lengthy engagement with NYDIG regarding a Bitcoin mining deal in Texas.

13. Ostensibly, the meeting was to be about the Texas deal.

14. Unexpectedly, Mr. Burandt started the meeting asking about Coinmint; Mr. Leary founding Coinmint LLC with Ashton Soniat; and Mr. Leary's work at Coinmint.

15. Mr. Burandt asked extensive questions about the litigation with Mr. Soniat, including Mr. Leary's equity in Coinmint through Mintvest.

16. Mr. Leary was 100% transparent with Mr. Burandt, including letting him know that Mintvest held 18.2% equity, that the Delaware courts ruled this, and a Delaware court also ruled that Texas courts did not have jurisdiction over the ownership of Coinmint based on the internal affairs doctrine.

17. Given that the majority of the time in the meetings that were supposed to be about the Texas transaction was instead spent on the Coinmint controversy, as opposed to the

Texas deal, it is Mr. Leary's belief in hindsight that he was lured to this meeting so NYDIG could gain information on the Coinmint litigation as part of the due diligence for the purchase of Coinmint.

18. NYDIG purchased Coinmint, LLC, a Puerto Rico company, without paying Mintvest for its 18.2% participation in Coinmint, despite being aware of that obligation .

19. As a wholly owned subsidiary of Stone Ridge, NYDIG could not have proceeded forward with a transaction of this size without the authorization and approval of Stone Ridge.

## COUNT I
## VIOLATION OF ARTICLE 1849 OF THE PUERTO RICO CIVIL CODE

20. Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

21. NYDIG and its owner, Stone Ridge Holdings Group, purchased Coinmint, knowing that Mintvest owned 18.2% of Coinmint.

22. On information and belief, Defendants paid $200 million for Coinmint, with the knowledge that Mintvest owned 18.2% of that amount, based on Mintvest's equity, created in large part, through Mintvest's successful administration of the company, guiding it through the difficult waters of the Bitcoin boom and bust cycles.

23. Mintvest's contributions to the company are analogous to those of a subcontractor to a contractor's efforts in a construction project, and such contributions are afforded the benefits of the Puerto Rico Civil Code's Article 1489, 31 L.P.R.A. 4131.

24. Prior to filing this lawsuit, Mintvest sent a demand letter to Defendants

herein.

25. Ashton Soniat, who was an owner of Coinmint, answered that letter as a "Limited Agent" of NYDIG.

26. Through counsel, Mr. Soniat argued that the undersigned has "an insurmountable conflict of interest" because, in addition to her solo practice, she has a partnership with Jean Paul Vissepó, Esq.

27. Neither Mr. Soniat nor Coinmint is a Defendant in this lawsuit.

28. Mr. Vissepó has performed notarial services for Mr. Soniat but never represented Coinmint.

29. Mr. Vissepó has not received confidential information regarding Coinmint.

## COUNT II

## TORT

30. Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

31. Defendants' actions of intentionally excluding payment to Mintvest has caused reputational harm to Mintvest in an amount not less than $5 million.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the entry of Judgment in its favor and against Defendants, jointly and severally, as follows:

1. For not less than $36,400,000 and all added interest of the loan and an amount over $5,000,000 for the tort;

2. For all actual, punitive, general, special, economic, incidental,

consequential, and compensatory damages according to proof at trial, or as otherwise permitted by law;

3. For prejudgment and post-judgment interest on all damages, at the legal rate;

4. For costs of suit incurred herein;

5. For prejudgment interest; *and*

6. For all such other relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues in this action so triable.

DATED: January 9, 2025 in San Juan, Puerto Rico.

Respectfully Submitted,


S/Jane Becker Whitaker
JANE BECKER WHITAKER
USDC No. 205110
PO Box 9023914
San Juan, PR 00902-3914
Tel. (787) 945-2406 E-mail:
janebeckerwhitaker@gmail.com
jbw@beckervissepo.com