UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| MINTVEST CAPITAL, LTD. | ) Case No.: 24-1019 (FAB-MEL) |
| | ) **FEDERAL SECURITIES LAW** |
| Plaintiff, | ) **VIOLATIONS,** |
| | ) **UNJUST ENRICHMENT** |
| v. | ) **BREACH OF CONTRACT,** |
| | ) |
| NYDIG TRUST COMPANY; | ) **THIRD PARTY BENEFICIARY** |
| NYDIG MINING LLC; NEW | ) |
| YORK DEVELOPMENT | ) **31 L.P.R.A. 3374** |
| INVESTMENT GROUP, LLC, | ) |
| NEW YORK LIFE INSURANCE | ) **DEMAND FOR JURY TRIAL** |
| AND ANNUITY CORPORATION; | ) |
| MOSES MERGER SUB; and | ) |
| STONE RIDGE HOLDINGS | _) |
| GROUP, LP, | |
| Defendants. | |

## PROPOSED AMENDED COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW** Plaintiff Mintvest Capital, Ltd, ("Mintvest"), by and through its undersigned counsel, hereby sue defendants Stone Ridge Holdings Group, LP ("Stone Ridge") and NYDIG Trust Company ("NYDIG"), and in support thereof states and prays very respectfully as follows:

### THE PARTIES

1. Plaintiff Mintvest is a Delaware corporation with its principal place of business in Florida.

2. Upon information and belief, Defendant Stone Ridge Holdings Group, LP is a legal entity with its principal place of business at 510 Madison Avenue, 21st Floor, New York, NY.

3. Upon information and belief, Defendant NYDIG Trust Company is a legal entity with its principal place of business at One Vanderbilt Place, 65th Floor, New York, NY, which is one of Defendant Stone Ridge's partners and benefitted from the securities fraud described herein.

1

4. Upon information and belief, Defendant NYDIG Mining, LLC is a legal entity with its principal place of business at One Vanderbilt Place, 65th Floor, New York, NY, which is one of Stone Ridge's partners and benefitted from the securities fraud described herein.

5. Upon information and belief, Defendant New York Digital Investment Group, LLC is a legal entity with its principal place of business in New York, which purchased Coinmint, LLC without affording a benefit to Mintvest, an Equityholder as defined in the Agreement and Plan of Merger, and benefitted from the securities fraud described herein.

6. Upon information and belief, New York Life Insurance and Annuity Corporation is a partner of Stone Ridge and benefitted from the securities fraud described herein.

7. Moses Merger Sub, LLC is an entity with its principal place of business in New York and benefitted from the securities fraud described herein.

8. The true names and/or capacities, whether individual, corporate, associate, or otherwise of Defendant Does 1 through 20, inclusive, are unknown to Plaintiff at this time, and Plaintiff, therefore, sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereupon alleges that each of the Defendants fictitiously named herein as a DOE is legally responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to and that the acts and omissions of said Defendants were a legal cause of the resulting injury and damages to Plaintiff as hereinafter alleged. Plaintiff will amend this Complaint to assert the true names and/or capacities of such fictitiously named Defendants when the same have been ascertained.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. § 1331 because there is a federal cause of action, specifically the Securities Exchange Act of 1934, 15 U.S.C. § 78a et seq., and SEC Rule 10b-5 promulgated thereunder. This Court has pendent jurisdiction over the claims under Puerto Rico law.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the relevant transaction

2

occurred in Puerto Rico.

## ALLEGATIONS COMMON TO ALL CLAIMS

11. Mintvest owns an 18.2% equity share of Coinmint, and therefore, is an equityholder in Coinmint.

12. On information and belief, Defendants developed an interest in purchasing Coinmint LLC in early 2023 and began to conduct due diligence regarding that purchase at that time.

13. In the course of conducting that due diligence, Joshua Burandt, the Head of Strategic Partnerships of NYDIG met with Mr. Leary on May 11, 2023 in person at NYDIG office in NYC.

14. The meeting was scheduled after Mintvest's lengthy engagement with NYDIG regarding a Bitcoin mining deal in Texas.

15. Ostensibly, the meeting was to be about the Texas deal.

16. Unexpectedly, Mr. Burandt started the meeting asking about Coinmint; Mr. Leary founding Coinmint LLC with Ashton Soniat; and Mr. Leary's work at Coinmint.

17. Mr. Burandt asked extensive questions about the litigation with Mr. Soniat, including Mr. Leary's equity in Coinmint through Mintvest.

18. Mr. Leary was 100% transparent with Mr. Burandt, including letting him know that Mintvest held 18.2% equity in Coinmint; that the Delaware courts ruled this; and that a Delaware court also ruled that Texas courts did not have jurisdiction over the ownership of Coinmint based on the internal affairs doctrine.

19. Given that the majority of the time in the meetings that were supposed to be about the Texas transaction was instead spent on the Coinmint controversy, as opposed to the Texas deal, it is Mr. Leary's belief in hindsight that he was lured to this meeting so that Defendants could gain information on the Coinmint litigation as part of the due diligence for the purchase of Coinmint.

20. Mr. Burandt purposely misled Mr. Leary as to NYDIG's intentions in order to defraud Mintvest for the benefit of all the Defendants herein.

21. NYDIG purchased Coinmint, LLC, a Puerto Rico company, on June 30, 2024, without

paying Mintvest for its 18.2% participation in Coinmint, despite being aware of that obligation.

22. Stone Ridge's partner, NYDIG could not have proceeded forward with a transaction of this size without the authorization and approval of Stone Ridge.

23. Stone Ridge has admitted that it is an owner of NYDIG.

24. Indeed, Stone Ridge is self described as the ultimate member of the chain of LLC companies that owns NYDIG Trust, as well as the remainder of the Defendants herein.

## COUNT I
## Securities Fraud in Violation of 15 U.S.C. 78(j)(b) and
## 17 .F.R. 240.10b-5 (Against All Defendants)

25. Mintvest repeats and realleges the allegations of the preceding paragraphs as if fully set forth here.

26. Section 10(b) of the Exchange Act prohibits the "use or employ" in connection with the purchase or sale of any security[,] … [of] any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe."

27. Rule 10b-5, which was promulgated by the SEC to implement Section 10(b), makes it unlawful for anyone engaged in the purchase or sale of a security:

- To employ any device, scheme, or artifice to defraud,
- To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or
- To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person[.]

17 C.F.R. 240.10b-5.

28. The NYDIG Defendants conspired with Coinmint to obtain 100% interest in Coinmint, LLC without compensating Mintvest, knowing that Mintvest was owner of 18.2% of Coinmint.

4

29. Since Moses Merger Sub, LLC a wholly owned subsidiary of New York Digital Investment Group, LLC has merged into Coinmint, LLC, with Coinmint, LLC being the surviving entity, and New York Digital Investment Group, LLC owned Coinmint post merger, Defendants herein stand in the shoes of Coinmint, which has since changed its name to Energy & Compute, LLC.

30. Defendants took these actions with scienter, i.e., for the purpose of obtaining Mintvest's participation in Coinmint without having to pay for such benefit.

31. Mintvest's 18.2% equity interest in Coinmint, LLC constitutes a "security" within the meaning of Section 2(a)(1) of the Securities Act of 1933 and Section 3(a)(10) of the Securities Exchange Act of 1934.

32. Defendants knowingly made material misrepresentations and omissions in connection with the purchase of Coinmint, LLC by:

    (a) failing to disclose their true intentions when meeting with Mr. Leary;

    (b) failing to disclose their plans to acquire Coinmint without compensating Mintvest;and

    (c) proceeding with the purchase of Coinmint with full knowledge of Mintvest's equity interest and no compensation to Mintvest for that interest, despite making the false material representation in the Agreement and Merger Plan that all equityholders of Coinmint were being compensated for their equity.

33. Defendants acted with scienter, as demonstrated by their deliberate actions to gather information about Mintvest's ownership interest while concealing their true intentions.

34. Each Defendant aided and abetted the remaining Defendants in order to achieve the goal of defrauding Mintvest.

35. Plaintiff reasonably relied on Defendants' representations regarding the purpose of the meetings and suffered damages as a result.

36. Defendants' conduct violates federal securities laws, including but not limited to Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder.

37. As a direct and proximate result of the now defunct Coinmint's material misrepresentations regarding the ownership of Coinmint, Mintvest has suffered damages, in an amount to be determined or proven at trial, but including and not limited to the following: a) its $36,200,000 ownership interest and b) its participation in Defendants' business as a co-owner of NYDIG and concomitantly Stone Ridge and its partners.

38. As the ultimate member of the chain of LLC companies that owns NYDIG Trust, Stone Ridge and the members of that chain, identified by Stone Ridge as NYDIG Trust, New York Life Insurance and Annuity Corporation, and NYDIG Mining, LLC as well as New York Digital Investment Group, LLC are liable to Mintvest for the securities fraud committed herein in this scheme involving investment of money in a common enterprise.

## COUNT II
### Unjust Enrichment Deriving from the Securities Fraud

39. Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

40. When federal interests are involved, such as the violation of federal securities laws, a Plaintiff may also invoke federal common law.

41. Federal common law includes unjust enrichment.

42. Defendants were enriched by the Agreement and Plan of Merger.

43. Mintvest suffered a loss due to the Agreement and Plan of Merger in the same amount of Defendants' enrichment due to the Agreement and Plan of Merger.

44. There was no legal basis for Defendants to be enriched.

45. Defendants were unjustly enriched in the amount of the value of Mintvest's interests in Coinmint.

## COUNT III

### Violation of 31 L.P.R.A. §3374

46. Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

47. 31 L.P.R.A. § 3374 provides: Contracts shall only be valid between the parties who execute them and their heirs, except, with regard to the latter, the case in which the rights and obligations arising from the contract are not transmissible either by their nature, or by agreement, or by provision of law. Should the contract contain any stipulation in favor of a third person, he may demand its fulfilment, provided he has given notice of his acceptance to the person bound before it may have been revoked.

48. As an equityholder of Coinmint, Mintvest is a third party beneficiary of the Agreement and Plan of Merger.

49. Mintvest demands its 18.2% participation in its capacity as a third party beneficiary of the Agreement and Plan of Merger, that is the cash payout of the acquisition price and all the rights and privileges Coinmint acquired by merging with Defendants.

## COUNT IV
### Violation Of Article 1489 Of The Puerto Rico Civil Code

50. Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

51. Article 1489 of the Puerto Rico Civil Code provides that whoever pays the wrong party pays twice.

52. Article 1489 focuses on the rights of subcontractors and employees as to the owner of construction project rather than the contractor, but the legal theory applies equally to the situation here.

53. Defendants purchased Coinmint, knowing that Mintvest owned 18.2% of Coinmint.

54. On information and belief, Defendants paid $200 million for Coinmint, with the knowledge that Mintvest owned 18.2% of that amount, based on Mintvest's equity, created in large part,

through Mintvest's successful administration of the company, guiding it through the difficult waters of the Bitcoin boom and bust cycles.

55. Mintvest's contributions to the company are analogous to those of a subcontractor to a contractor's efforts in a construction project, and such contributions are afforded the benefits of the Puerto Rico Civil Code's Article 1489, 31 L.P.R.A. 4131.

## COUNT V
## Tort 31 L.PR.A. § 2996

56. Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

57. Defendants' actions of intentionally excluding payment to Mintvest, despite its being an equityholder in Coinmint, has caused reputational harm to Mintvest in an amount not less than $5 million.

58. Indeed, Mintvest's "sweat equity" contributed to the very survival of Coinmint, and Defendants' failure to compensate Mintvest for the contribution undermined Mintvest's standing in the industry,

59. The bitcoin mining industry is a small community, and within that community the news of Defendants' acquisition of 100% of Coinmint without compensating Mintvest is well known and is causing Mintvest harm to its reputation as a serious participant in that community.

60. Pursuant to 31 L.P.R.A. §10803, Mintvest asks that an amount equal to the compensation found to be due for the tort itself be imposed as punitive damages.

## COUNT VI
## Violation of the Uniform Securities Act of Puerto Rico 10 L.P.R.A. § 851 et seq.

61. Mintvest repeats and realleges the allegations of the foregoing paragraphs as if fully set forth here.

62. Section 890 of the Uniform Securities Act of Puerto Rico provides that any person who offers or sells a security by means of a false statement of a material fact or omitting to state a material fact needed to prevent that any statement made, in the light of the circumstances under which it was made, leads to misunderstanding (the buyer not knowing of the falsehood or omission), and does not support the burden of proof that he did not know, and in exercising reasonable prudency,

8

could not have known of the falsehood or omission, shall be liable to the person who buys the security.

63. Defendants purchased a security, Mintvest's interest in Coinmint from Coinmint without compensating Mintvest.

64. Defendants knew that they should have compensated Mintvest, but they worked with Coinmint and then merged Coinmint into their chain of companies, so that Coinmint's liability to Mintvest has also merged with that chain of companies, the Defendants herein.

65. By reason of the foregoing, the Defendants are liable to Mintvest in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the entry of Judgment in its favor and against Defendants, jointly and severally, as follows:

1. For not less than $36,400,000 for the securities fraud and an amount over $5,000,000 for the tort;

2. For specific performance of the Agreement and Plan of Merger as to Plaintiff's rights:

3. For all actual, punitive, general, special, economic, incidental, consequential, and compensatory damages according to proof at trial, or as otherwise permitted by law;

4. For prejudgment and post-judgment interest on all damages, at the legal rate;

5. For costs of suit incurred herein;

6. For prejudgment interest; *and*

7. For all such other relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues in this action so triable.

DATED: April 23, 2025 in San Juan, Puerto Rico.

## CERTIFICATE OF SERVICE

**I HEREBY INFORM:** that on this date I have filed and uploaded this document to the CM/ECF system for notice to all parties.

Respectfully Submitted,

>S/Jane Becker Whitaker
>JANE BECKER WHITAKER
>USDC No. 205110
>PO Box 9023914
>San Juan, PR 00902- 3914
>Tel. (787) 585-3824 E-mail:
>janebeckerwhitaker@gmail.com