UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| MINTVEST CAPITAL, LTD. | ) Case No.: 24- 1019 (FAB-MEL) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **BREACH OF CONTRACT,** |
| | ) |
| NYDIG TRUST COMPANY; | ) **UNJUST ENRICHMENT** |
| NYDIG MINING LLC; and STONE | ) |
| RIDGE HOLDINGS GROUP, LP, | ) **DEMAND FOR JURY TRIAL** |
| Defendants. | ) |

**MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

**TO THE HONORABLE COURT:**

**COMES NOW**, the plaintiff, MINTVEST CAPITAL, LTD., through the undersigned attorneys, and respectfully states, alleges and prays as follows:

    I.    **CERTIFICATION OF GOOD FAITH EFFORT**

Pursuant to Local Rule 26(b), Plaintiff's counsel hereby certifies that a good faith effort was made to reach an agreement with opposing counsel on the matters set forth in this motion. Specifically, after receiving Defendants' email on May 5, 2025, stating their intention not to respond to any discovery, Plaintiff's counsel offered an extension until May 8, 2025, while noting the obligation to respond under the Court's orders. Despite this accommodation, Defendants have failed to provide any responses or further communication regarding the discovery requests.

## II.     BACKGROUND

1. Plaintiff Mintvest Capital, Ltd. seeks an Order compelling Defendants to respond to outstanding discovery requests. Despite this Court's repeated orders permitting discovery to proceed, Defendants have refused to provide any responses whatsoever.

2. On April 3, 2025, Plaintiff served its First Set of Interrogatories and Requests for Production of Documents on each Defendant. *See* Exhibits 1, 2, and 3, those requests. Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Defendants' responses were due on or before May 5, 2025.

3. Defendants notified Plaintiff via email on May 5, 2025, that they did not intend to respond to any of Plaintiff's discovery requests. As a professional courtesy, Plaintiff offered Defendants an extension until May 8, 2025, to provide their responses. That extended deadline has now passed, and Defendants have still failed to provide any responses or objections.

4. Defendants' refusal to engage in the discovery process violates the Federal Rules of Civil Procedure and this Court's Case Management Order and warrants an order compelling responses.

5. On March 12, 2025, this Court issued its Case Management Order [DE 26], which established deadlines for discovery and other pretrial matters. On April 2, 2025, Defendants filed a Limited Objection to Case Management Order [DE 43], requesting that the Court defer discovery until after resolution of Defendants' pending motions to dismiss. This Court denied Defendants' objection, thus confirming that discovery would proceed according to the schedule set forth in the Case Management Order.

6. On April 3, 2025, Plaintiff served its First Set of Interrogatories and Requests for Production of Documents on each Defendant, with responses due on May 5, 2025. On the same date, Plaintiff also served Requests for Admissions on each Defendant. Due to Defendants' failure to respond to these requests within 30 days, Plaintiff filed a Motion to Deem Requests for Admissions Admitted [DE 60] on May 5, 2025.

7. On May 5, 2025, Defendants' counsel informed Plaintiff's counsel via email that they did not intend to respond to any of Plaintiff's discovery requests. As a courtesy, Plaintiff's counsel offered to extend the deadline for responding to the Interrogatories and Requests for Production until May 8, 2025, while noting that the Court's orders require responses to the discovery served. The extended deadline of May 8, 2025, has now passed, and Defendants have still failed to provide any responses or objections to Plaintiff's discovery requests.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 37(a)(1) authorizes a party to "move for an order compelling disclosure or discovery." Such a motion may be filed when "a party fails to answer an interrogatory submitted under Rule 33" or "fails to produce documents... as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). Local Rule 26(b) requires that the moving party certify "that a good faith effort was made with opposing counsel to reach an agreement on the matters set forth in the motion," which Plaintiff hereby provides. The undersigned provided additional time, but no responses were forthcoming.

IV. ARGUMENT

**A. Defendants' Complete Refusal to Respond to Discovery is Unjustified and Appears Calculated to Conceal Evidence of Securities Fraud**

Defendants have not provided any responses or objections whatsoever to Plaintiff's Interrogatories and Requests for Production of Documents. This blanket refusal to engage in discovery violates the Federal Rules of Civil Procedure and this Court's orders. The Court has twice ordered that discovery may proceed and has explicitly denied Defendants' objection to the Case Management Order. Defendants cannot simply ignore the Court's rulings and unilaterally refuse to participate in discovery.Defendants' stonewalling is particularly egregious in the context of this case, in which Mintvest seeks to allege violations of federal securities laws, including a scheme to defraud Plaintiff. Courts have recognized that discovery is especially critical in securities fraud cases, where defendants typically possess the key evidence of wrongdoing. See *S.E.C. v. Present*, 2015 WL 9294146, at *1 (D. Mass. Dec. 21, 2015) (noting that in securities fraud cases, "discovery is particularly appropriate... where defendants may be the only repository of the relevant evidence").

As the First Circuit has recognized, securities laws are "designed to prevent, inter alia, inequitable and unfair practices and to insure fairness in securities transactions generally." *S.E.C. v. Tambone*, 597 F.3d 436, 448 (1st Cir. 2010). Defendants' refusal to engage in discovery directly undermines these principles and should not be countenanced by this Court. Courts have consistently held that the pendency of a motion to dismiss does not automatically stay discovery obligations. As noted in *Guzman v. Commonwealth Fin. Sys., Inc.*, No. 17-1555 (GAG), 2017 WL 11512188, at *1 (D.P.R. Nov. 1, 2017), "a party does not have the absolute right to withhold discovery simply because a motion to dismiss is pending." See also *Gray v. First Winthrop*

*Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (noting that "had the Federal Rules contemplated that a motion to dismiss would stay discovery, they would contain a provision to that effect"). Defendants' conduct suggests an effort to conceal from the Court and Plaintiff additional facts that would likely further substantiate the allegations of fraud and securities violations. Such tactical obstruction of the discovery process should not be rewarded.

As the Supreme Court has recognized, the purpose of discovery is to "make a trial less a game of blindman's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958). Defendants' wholesale refusal to participate in discovery directly contravenes this fundamental principle.The Court in *S.E.C. v. Healthsouth Corp.*, 261 F. Supp. 2d 1298, 1326 (N.D. Ala. 2003), noted that in securities fraud cases, "defendants often control most of the relevant information" and thus discovery obligations are particularly important. Here, Defendants' blanket refusal to engage in discovery appears calculated to shield potentially incriminating evidence from disclosure.

**B. The Requested Discovery is Relevant and Proportional to the Needs of the Case**

Plaintiff's discovery requests seek information directly relevant to the claims and defenses in this case, including:

> Information regarding Defendants' transaction with Coinmint, LLC; b. Communications with Alcoa Corporation regarding changes in the officers and directors of North Country Colocation Services; c. Defendants' due diligence process and any communications with Prieur Leary, an officer of Mintvest, regarding Mintvest's ownership equity in Coinmint; d. Communications among Defendants regarding relevant matters.

These topics are central to Plaintiff's claims that Defendants engaged in a scheme to defraud that breached securities laws, breached their obligations under agreements with Alcoa Corporation, demonstrating their general propensity to fail to comply with contractual obligations and failed to conduct proper due diligence before entering into the transaction with Coinmint. The discovery sought is proportional to the needs of the case, considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, and the importance of the discovery in resolving the issues. See Fed. R. Civ. P. 26(b)(1).

In cases involving allegations of fraud, courts have emphasized the importance of allowing plaintiffs access to discovery. As the court in *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1192 (2d Cir. 1996), observed, "courts have been particularly reluctant to dismiss securities fraud claims... where the defendants control the information plaintiffs need to support their allegations." Given Defendants' complete refusal to participate in discovery, particularly in a case involving allegations of securities fraud, an award of expenses, including attorney's fees, is warranted.

**V. CONCLUSION AND PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Mintvest Capital, Ltd respectfully requests that this Honorable Court:

1. Grant this Motion to Compel and order Defendants to provide full and complete responses to Plaintiff's First Sets of Interrogatories and Requests for Production of Documents within seven (7) days of the Court's order;
2. Award Plaintiff its reasonable expenses incurred in making this motion, including attorney's fees, pursuant to Fed. R. Civ. P. 37(a)(5)(A);; and
3. Grant such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED, in San Juan, Puerto Rico on May 15, 2025.

## **CERTIFICATE OF SERVICE**

**I HEREBY INFORM:** that on this date I have filed and uploaded this document to the CM/ECF system for

notice to all parties.

Respectfully Submitted,

S/Jane Becker Whitaker
JANE BECKER WHITAKER USDC No. 205110
PO Box 9023914 San Juan, PR 00902- 3914 Tel. (787) 585-3824
e-mail: janebeckerwhitaker@gmail.com