# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MINTVEST CAPITAL, LTD, | |
| Plaintiff, | |
| v. | CIVIL NO.: 25-1019 (FAB) |
| NYDIG TRUST COMPANY, et al., | |
| Defendants. | |

# ORDER

On January 9, 2025, Plaintiff Mintvest Capital, LTD ("Mintvest" or "Plaintiff") filed suit against NYDIG Trust Company ("NYDIG Trust"), NYDIG Mining, LLC ("NYDIG Mining"), and Stone Ridge Holdings Group, LP ("Stone Ridge") (collectively "Defendants"), alleging violations as to article 1489 of the Puerto Rico Civil Code, 31 L.P.R.A. § 4131 (1930),[1] as well as an unspecified tort claim. ECF No. 1. Amidst the complex and somewhat convoluted procedural battle that ensued, Plaintiff filed a Motion to Compel Responses to Interrogatories and Requests for Production of Documents ("Motion to Compel") on May 15, 2025. ECF No. 65. On May 29, 2025, Defendants opposed Plaintiff's Motion to Compel. ECF No. 72. For the reasons set forth below, Plaintiff's Motion to Compel (ECF No. 65) is DENIED.

According to Plaintiff, on April 3, 2025,[2] it served Defendants with various discovery requests and notified them that, per the applicable Federal Rules of Civil Procedure, responses were due by May 5, 2025. *Id.* On May 5th, Defendants emailed Plaintiff, refusing to respond to

---

[1] At the time the events of this case took place, the Puerto Rico Civil Code of 1930 was no longer in effect, as it was repealed by the Puerto Rico Civil Code of 2020. However, the language of article 1489 remains and is now codified in the Puerto Rico Civil Code of 2020 as article 1374, 31 L.P.R.A. § 10271 (2020).

[2] Plaintiff claims it sent the discovery requests on April 3, 2025, but the emails submitted by Defendants show Plaintiff made the requests on April 4, 2025. ECF No. 72, Exhibit 2.

their discovery requests. *Id*. Plaintiff replied that same day, offering them until May 8, 2025 to respond to the requests. *Id*. As of the time of Plaintiff's Motion to Compel, Defendants had not complied with its discovery requests. Thus, Plaintiff asks that, given its good faith attempt to reach an agreement on the matter, the Court order Defendants to respond to its discovery requests. *Id*.

Defendants argue that, as they explained in their May 5th email, both the Case Management Order (ECF No. 26) and Federal Rule of Civil Procedure 26, do not allow for discovery to begin until after the parties filed their Rule 26(a)(1) disclosures, which were due on May 30, 2025; that is, fourteen (14) days after their Rule 26(f) conference, which was held on May 16, 2025. ECF No. 72. Defendants thus argue that Plaintiff's discovery requests, filed six (6) before the Rule 26(f) conference was held, violated the Federal Rules of Civil Procedure, as well as the Case Management Order. *Id*. Defendants also contend that Plaintiff's reply email giving them until May 8, 2025, to respond to the discovery requests does not constitute a good faith effort, pursuant to Federal Rule of Civil Procedure 37 (a)(1) and Local Rule 26(b). *Id*. at p. 7.

Plaintiff's Motion to Compel is premature, as discovery in this case has not yet begun. Federal Rule of Civil Procedure 26 governs a case's discovery process, including the parties' duty to disclose certain information prior to commencing discovery. Fed. R. Civ. P. 26. In this regard, Rule 26(a)(1)(C) states that "[a] party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order. . . ." Fed. R. Civ. P. 26(a)(1)(C). In turn, Rule 26(d)(1) explicitly states that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . or when authorized by these rules, by stipulations or by court order." Fed. R. Civ. P. 26(d)(1). Here, Defendants aver, and Plaintiff does not deny, that the parties had their Rule 26(f) conference on May 16, 2025. ECF No. 72 at p. 3. Therefore, the parties' initial disclosures were not due until May 30, 2025. By the same token, the Case Management Order filed on March 12, 2025, explicitly

states that "[a]bsent a Court order, discovery may not commence until the mandatory initial disclosures are made."  ECF No. 26 at p. 7.  Despite this, Plaintiff presented Defendants with discovery requests on April 4, 2025, a full six (6) weeks before the Rule 26(f) took place and two (2) months before the initial disclosures were due.[3]  ECF No. 72, Exhibit 2.

Thus, as Plaintiff's requests for discovery were premature, Defendants were under no obligation to respond to those requests until the May 30th, the date in which the initial disclosures were due.

For these reasons, the Court DENIES Plaintiff's Motion to Compel ECF No. 65.

In view of the foregoing, Defendants' Motion to Strike Plaintiff's Improper Filings and for Sanctions ("Motion to Strike") (ECF No. 68), filed on May 21, 2025, is DENIED as it relates to Plaintiff's Motion to Compel, but HELD IN ABEYANCE as to the request for the imposition of sanctions.  Defendants' Motion to Strike is also premature, as it relates to the tendered, but yet to be filed, reply in Plaintiff's Motion for Leave to File Reply to Defendants' Opposition to Plaintiff's Motion for Leave to Amend the Complaint and to File Excess Pages (ECF No. 64-1).

The Court, however, notes that a search in both Westlaw and LexisNexis confirms that the following could not be found:

A. Plaintiff's Motion to Compel (ECF No. 65):

- Nonexistent cases:
    - *Guzmán v. Commonwealth Fin. Sys., Inc.*, No. 17-1555 (GAG), 2017 WL 11512188, at *1 (D.P.R. Nov. 1, 2017)

- Cases with inaccurate or nonexistent quotes:
    - *S.E.C. v. Present*, 2015 WL 9294146, at *1 (D. Mass. Dec. 21, 2015)

---

[3] Plaintiff provides no reason as to why it presented its discovery requests so far in advance of the deadline for initial disclosures, nor did it file a motion for expedited discovery in this regard.

- o  *S.E.C. v. Tambone*, 597 F.3d 436, 448 (1st Cir. 2010)
- o  *S.E.C. HealthSouth Corp.*, 261 F.Supp.2d 1298, 1326 (N.D. Ala. 2003)
- o  *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1192 (2d Cir. 1996)

B. Plaintiff's tendered reply (ECF No. 64-1):

- Nonexistent cases:
    - o  *Junco Steel, Inc. v. ILA Steel Corp.*, KLCE201501554, 2016 WL 1179252 (P.R. Cir. Feb. 29, 2016)
    - o  *Rodríguez-Lebrón v. Negociado de Seguridad de Empleo*, 394 F.Supp.2d 393 (D.P.R. 2005)

- Cases with inaccurate or nonexistent quotes:
    - o  *ConnectU LLC v. Zuckerberg*, 522 F.3d 82, 96 (1st Cir. 2008)
    - o  *Matthews v. Brookstone Stores, Inc.*, 469 F.Supp.2d 1056, 1066-67 (S.D. Ala. 2007)
    - o  *Jamison v. McKesson Corp.*, 649 F.3d 322, 328 (5th Cir. 2011)
    - o  *CMI Capital Market Inv., LLC v. Municipality of Bayamón*, 410 F.Supp.2d 61, 76 (D.P.R. 2006)

For this reason, the Court requires Plaintiff to print out the caselaw listed above, identify in these cases where the quotes used in both their Motion to Compel and their tendered reply are found, and bring the cases to the Initial Scheduling Conference to be held June 12, 2025, for the Court's review.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 11th day of June 2025.

s/Marcos E. López  
U.S. Magistrate Judge