# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

MINTVEST CAPITAL, LTD,

    Plaintiff,

v.

NYDIG TRUST COMPANY, et al.,

    Defendants.

CIVIL NO.: 25-1019 (FAB)

## REPORT AND RECOMMENDATION

### I. PROCEDURAL BACKGROUND

On January 9, 2025, plaintiff Mintvest Capital, LTD ("Plaintiff") filed a complaint against defendants NYDIG Trust Company, NYDIG Mining, LLC and Stone Ridge Holdings Group, LP (collectively "Defendants") alleging violations as to article 1489 of the Puerto Rico Civil Code, 31 L.P.R.A. § 4131 (1930), as well as a tort claim. ECF No. 1. On May 14, 2025, Plaintiff filed a motion for leave to reply to Defendants' opposition to Plaintiff's motion for leave to amend the complaint (ECF No. 64), in which Plaintiff included a tendered reply. ECF No. 64-1. Subsequently, Plaintiff filed a motion to compel responses to interrogatories and requests for production of documents on May 15, 2025. ECF No. 65. On May 21, 2025, Defendants filed a motion to strike both Plaintiff's motion to compel and Plaintiff's tendered reply (ECF Nos. 64-1, 65) claiming that both the tendered reply and the motion to compel included numerous non-existent cases, quotations that do not appear in the cited cases, and references to cases that do not support the legal propositions for which they are cited. ECF No. 68. Defendants alleged these mistakes were likely due to the use of artificial intelligence ("AI"). *Id.* at 3.

Defendants reiterated their stance on May 29, 2025, in their opposition to Plaintiff's motion to compel, and requested that the Court enter an order awarding attorney's fees and granting any other relief the Court deems just and proper. ECF No. 72. Plaintiff responded to these allegations in her opposition to Defendants' motion to strike and for sanctions on June 10, 2025. ECF No. 85. On June 12, 2025, the Court held an Initial Scheduling Conference ("ISC") and a Show Cause Hearing where the parties appeared represented by counsel. ECF No. 98. For the following reasons, it is recommended that Defendants' motion requesting the imposition of sanctions (ECF No. 68) be GRANTED.[1]

## II.   APPLICABLE LAW

Federal Rule of Civil Procedure 11 "requires attorneys to take responsibility for the claims and defenses they represent. . . ." *Cruz v. Savage*, 896 F.2d 626, 630 (1st Cir. 1990) (citing Fed. R. Civ. P. 11). By presenting a pleading to the court, the attorney is certifying that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). Courts may impose sanctions on attorneys that violate Rule 11(b) after giving notice and a reasonable opportunity to respond. Fed. R. Civ. P. 11(c)(1). Courts may also impose sanctions under Rule 11 *sua sponte*, but the sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(3)-(4). Sanctions for violations of Rule 11(b)(2) are imposed against a party's counsel, not the party. *See* Fed. R. Civ. P. 11(c)(5)(A). "The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order

---

[1] The Court previously denied Defendants' motion to strike contained within ECF No. 68 and held in abeyance the motion for sanctions. *See* ECF No. 87.

directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4)

It is understood that federal courts are vested with the inherent power to manage their own affairs, which includes the power to impose sanctions. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). Assessment of attorney's fees is a permissible sanction, yet it "may go no further than to redress the wronged party 'for losses sustained'; it may not impose an additional amount as punishment for the sanctioned party's misbehavior." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107-08 (2017) (citing *Mine Workers v. Bagwell*, 512 U.S. 821, 826-30). A properly calibrated fee award "covers the legal bills that the litigation abuse occasioned," thereby requiring the sanctioning court "to establish a causal link" between the misbehavior and legal fees incurred by the opposing party. *Id.* at 108.

Courts are empowered under 28 U.S.C. § 1927 to sanction attorneys who "multipl[y] the proceedings in any case unreasonably and vexatiously" with the expenses, excess costs and attorney's fees "reasonably incurred because of such conduct." The purpose of the statute is to "deter unnecessary delays in litigation." *U.S. v. International Broth. Of Teamsters, Chauffeurs, Warehousemen and Helpers of America*, 948 F.2d 1338, 1345 (2nd Cir. 1991) (citing H.R. Conf. Rep. No. 1234, 96th Cong., 2d Sess. 8, *reprinted in* 1980 U.S. Code Cong. & Admin. News 2716, 2782). "Behavior is 'vexatious' when it is harassing or annoying, regardless of whether it is intended to be so. Thus, if an attorney's conduct in multiplying proceedings is unreasonable and harassing or annoying, sanctions may be imposed under section 1927." *Cruz*, 896 F.2d at 632. Bad faith is not a requisite for imposing sanctions under section 1927, but the term "vexatious necessarily demands that the conduct sanctioned be more severe than mere negligence, inadvertence, or incompetence." *Id.* (citation omitted).

3

### III. ANALYSIS

At issue here are the tendered reply attached to Plaintiff's motion for leave to file the reply (ECF No. 64-1) and Plaintiff's motion to compel (ECF No. 65) (collectively "the motions"). Defendants, in their motion to strike, outline all cases cited by Plaintiff that either do not exist or do not support the proposition for which they were cited. ECF No. 68. Defendants believe that the usage of AI is likely to blame for the errors and seek sanctions against Plaintiff under 28 U.S.C. § 1927. In her June 10, 2025, opposition to Defendants' motion to strike and for sanctions, Plaintiff's counsel apologized for the errors but claimed they were inadvertent and immaterial, and only brought to the Court's attention by Defendants to distract from their refusal to respond to previous Court orders. ECF No. 85 at 1-2. However, as verified through research using Westlaw and LexisNexis, the motions indeed contain cases that do not exist, citations to content that does not exist, quoted language from cases that were not the ones cited, and legal arguments that are not found in the cited cases. ECF No. 68. Accordingly, on June 12, 2025, that is, on the same day of the ISC, Plaintiff's counsel was given an opportunity to be heard and show cause as to why sanctions should not be imposed.

At the hearing, the Court went through each of the errors it was able to identify in Plaintiff's motions to assess if Plaintiff's counsel could point towards the cited language and cases. Plaintiff's counsel admitted many of the errors were due to the use of AI, particularly the AI platform "Claude," and an insufficient verification of the motions that were submitted or filed to the Court. ECF No. 98, ISC and Show Cause Hearing, June 12, 2025, at 17:09. Particularly, the Court identified the following issues in the tendered reply (ECF No. 64-1):

- Page 11-12 cites *Rodríguez-Lebrón v. Negociado de Seguridad de Empleo*, 394 F. Supp. 2d 393, 396 (D.P.R. 2005). The case does not exist, as verified via Westlaw and

4

LexisNexis. The citation given, 394 F. Supp. 2d 393, leads to *Díaz Rodríguez v. Torres Mártir*, 394 F.Supp.2d 389 (D.P.R. 2005). Plaintiff's counsel admitted the case does not exist and its presence in the motion was due to the inappropriate use of AI. ECF No. 98, ISC and Show Cause Hearing, June 12, 2025, at 16:30.

- Page 11 cites *Junco Steel, Inc. v. ILA Steel Corp.*, KLCE201501554, 2016 WL 1179252 (P.R. Cir. Feb. 29, 2016). The case does not exist, as verified with Westlaw and LexisNexis databases. The KLCE citation leads to *El Pueblo de P.R. v. Rodríguez*, a Puerto Rico Court of Appeals case (2015 PR App. LEXIS 4093). The Westlaw citation leads to *O'Connor v. Oakhurst Dairy*, 2016 WL 1179252 (D. Me. Jan. 26, 2016). Plaintiff's counsel admitted the case does not exist, but believed this was due to human error, to wit, wrongful citation due to a Google search. ECF No. 98, ISC and Show Cause Hearing, June 12, 2025, at 14:50.

- Page 5 states: "[s]ee *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 96 (1st Cir. 2008) (noting courts should consider 'whether an amendment would unfairly prejudice the opposing party or unnecessarily delay the proceedings')." The quoted language is not found in the cited case. Further, the case is about amendment as right, not about amendments being prejudicial or delaying proceedings. *See* 522 F.3d at 91, 96. Plaintiff's counsel acknowledged the quotation is not in that case, but she believed the error was a drafting error and not due to the use of AI. ECF No. 98, ISC and Show Cause Hearing, June 12, 2025, at 29:14.

- Page 5 states: "see also *Matthews v. Brookstone Stores, Inc.*, 469 F. Supp. 2d 1056, 1066-67 (S.D. Ala. 2007) (permitting amendment to add federal claims after finding diversity jurisdiction lacking)." The cited case does not mention or opine on the addition of federal

5

claims via amendments; rather it is a case about personal jurisdiction and minimum contacts that was dismissed. Plaintiff's counsel conceded the case was about personal jurisdiction and that she did not know why it was in her motion. She believes it was suggested by Claude, the AI platform. ECF No. 98, ISC and Show Cause Hearing, June 12, 2025, at 37:40.

- Page 12 cites *CMI Capital Market Inv., LLC v. Municipality of Bayamón*, 410 F. Supp. 2d 61, 76 (D.P.R. 2006) in support of permitting alternative pleadings. Though the plaintiff in the case had filed an alternative pleading, the court did not comment on the validity or supportability of that alternative pleading. Plaintiff's counsel conceded the concept of alternative pleadings does not exist in the case and stated that its inclusion was a result of the use of the AI platform Claude. ECF No. 98, ISC and Show Cause Hearing, June 12, 2025, at 39:54.

The Court also found the following issues in the motion to compel (ECF No. 65):

- Page 4 states: "See *S.E.C. v. Present*, 2015 WL 9294146, at *1 (D. Mass. Dec. 21, 2015) (noting that in securities fraud cases, 'discovery is particularly appropriate... where defendants may be the only repository of the relevant evidence')." The cited quote does not exist, as verified via Westlaw and LexisNexis.[2] Plaintiff's counsel acknowledged the quoted language does not exist and was due to the use of the AI platform Claude. ECF No. 91, ISC and Show Cause Hearing, June 12, 2025, at 20:40.

- Page 4 states: "securities laws are 'designed to prevent, inter alia, inequitable and unfair practices and to insure fairness in securities transactions generally.' *S.E.C. v. Tambone*, 597 F.3d 436, 448 (1st Cir. 2010)." The cited language does not appear in the case, as

---

[2] The correct citation is *S.E.C. v. Present*, 2015 WL 9294164.

6

verified via Westlaw and LexisNexis. The quotation exists in various district court cases and originates from a Second Circuit case: *Securities and Exchange Commission v. Texas Gulf Sulphur Co.*, 401 F.2d 833, 847-48 (2nd Cir. 1968). Plaintiff's counsel acknowledged the quoted language was not in the case, but believed it to be a true statement of the law. The incorrect citation, she admitted, was due to the use of the AI platform Claude. ECF No. 98, ISC and Show Cause Hearing, June 12, 2025, at 25:17.

- Page 4 cites *Guzmán v. Commonwealth Fin. Sys., Inc.*, No. 17-1555 (GAG), 2017 WL 11512188, at *1 (D.P.R. Nov. 1, 2017). The case does not exist, as verified in Westlaw and LexisNexis.[3] Plaintiff's counsel conceded the case does not exist. ECF No. 98, ISC and Show Cause Hearing, June 12, 2025, at 12:42. She admitted its inclusion in the motion was due to the use of the AI platform Claude. *Id*. at 16:30

- Page 5 cites *S.E.C. v. Healthsouth Corp.*, 261 F. Supp. 2d 1298, 1326 (N.D. Ala. 2003), for the assertion that "in securities fraud cases 'defendants often control most of the relevant information' and thus discovery obligations are particularly important." The case cited does not contain the quoted language nor any similar language, as verified via Westlaw and LexisNexis. Plaintiff acknowledged the case did not contain the cited language, but she believed it to be a true statement of the law. Its inclusion was also due to the use of the AI platform Claude. ECF No. 98, ISC and Show Cause Hearing, June 12, 2025, at 22:22

- Page 6 states: "As the court in *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1192 (2nd Cir. 1996), observed, 'courts have been particularly reluctant to dismiss securities fraud claims... where the defendants control the information plaintiffs need to

---

[3] The case also does not exist in CM/ECF, the official court electronic filing system.

support their allegations.'" The cited language is not found in the Nowak case, as verified by this Court via Westlaw and LexisNexis. Plaintiff acknowledged the case did not include the cited language, but she believed it to be an accurate statement of the law. Its inclusion was the result of the use of the AI platform Claude. ECF No. 98, ISC and Show Cause Hearing, June 12, 2025, at 26:55.

Given Plaintiff's counsel's blind reliance on AI and her acknowledgement of her lack of corroboration of the cited cases, sanctions are in order. Rule 11(b)(2) requires attorneys to present "claims, defenses, and other legal contentions [that] are warranted by existing law or by a nonfrivolous arguments." Fed. R. Civ. P. 11(b)(2). It is clear from Plaintiff's counsel's admissions that the motions submitted were not supported, at least in part, by existing law. Even putting aside the non-existent cases and assuming *arguendo* that some of the quotations are "accurate statements of the law," the fact still remains that the cases were cited incorrectly. When an attorney uses quotation marks, it is expected that "the quoted content actually exists and that the Court can rely on their [the parties] representations." *Puerto Rico Soccer League NFP, CORP. v. Federación Puertorriqueña de Futbol*, 2025 WL 1080732, at *2 (D.P.R. April 10, 2025) (emphasis omitted). Anything less, intentional or not, is at best inaccurate and at worst misleading.

In *Puerto Rico Soccer League*, without finding that AI was used, plaintiff's counsel was ordered to pay attorney's fees under Rule 11 for citation issues with over fifty citations, some of which are similar to the case at bar. 2025 WL 1080732, at Appendix. The court also warned plaintiff that if further issues of the same nature or gravity happened again one of the attorneys' *pro hac vice status* could be revoked. *Id.* at *3. Other jurisdictions that have faced similar AI issues have ordered a wide range of sanctions. In *Benjamín v. Costco Wholesale Corporation*, 2025 WL 1195925, at *3 (E.D.N.Y. April 24, 2025), the court identified five cases in the plaintiff's motion

8

that did not exist. Plaintiff's counsel in that case conceded the cases did not exist and that they were generated through the use of an AI known as ChatOn. *Id.* However, the plaintiff's counsel expressed what the court viewed as "sincere embarrassment and regret for her actions." *Id.* at *5. The plaintiff's counsel also began taking AI ethics courses after the fact. *Id*. The court considered all of these circumstances and found them to be "mitigating factors" that led to the imposition of a $1,000 fine, pursuant to Rule 11. *Id*. at 9. Also pursuant to Rule 11, in *Mid Central Operating Engineers Health and Welfare Fund v. HoosierVac LLC*, 2025 WL 1511211, at *2 (S.D. Ind. May 28, 2025), defendant's counsel was ordered to pay $6,000 for the use of AI that produced fictitious case citations on three separate occasions. In *United States v. Hayes*, 763 F.Supp.3d 1054, 1073 (E.D. Cal. Jan. 17, 2025), pursuant to local rules and the court's inherent power to levy sanctions, counsel for defendant Hayes was fined $1,500 and a copy of the order was served to the District of Columbia Bar, of which counsel was a member, and to the State Bar of California for citing a case that did not exist. It is important to note that "[n]ot only did [counsel] fail to acknowledge and correct his errors at the hearing, he made matters worse by repeatedly refusing to admit that *United States v. Harris* was non-existent despite knowing that it was non-existent." *Id.* at 1070.

In the case at hand, Plaintiff's counsel has apologized to the Court, stating she could not justify her actions and that she was "very embarrassed that this happened." ECF No. 98, ISC and Show Cause Hearing, June 12, 2025, at 18:12-18:28, 43:08. However, as Defendants' counsel stated in the ISC and Show Cause Hearing, their motion to strike, where the issue of the faulty citations was first brought to the attention of this Court and Plaintiff's counsel, was filed on May 21, 2025. Plaintiff's counsel did not respond until June 10, 2025, where she apologized for the incorrect citations, but stated that "[d]efendants' motion seeks to distract from Defendants' refusal to provide any discovery responses despite two Court orders requiring them to do so. No amount

9

of citation scrutiny justifies flouting this Court's authority." ECF No. 85 at 2. This response, though apologetic, was not filed until nineteen days after the filing of Defendants' motion to strike. Moreover, Plaintiff did not move to withdraw the motions until June 16, 2025, *after* the Show Cause Hearing. ECF No. 94.

"While there is no general prohibition on using AI during the course of litigation, [p]laintiff has a duty to ensure he is not citing to fake opinions in his filings." *Gordon v. Wells Fargo Bank N.A. Inc*., 2025 WL 1057211, at *3 (M.D. Ga. April 8, 2025). It is well known that AI can "hallucinate," i.e., 'generate fake sources of information." *See Wadsworth v Walmart Inc*., 348 F.R.D. 489, 493 (D. Wyo. 2025). Perhaps one day AI will be sophisticated enough to function as an appropriate and reliable tool for legal research, but that moment has yet to arrive. Attorneys must then be diligent and hold themselves to a higher duty of care and thoroughness when using AI tools so that they may comply with the ethical standards that the legal profession requires of them.[4]

Accordingly, sanctions should be imposed. Defendants seek attorney's fees under 28 U.S.C. § 1927. However, that statute requires that the actions of the attorney to be sanctioned be "vexatious" (harassing or annoying).[5] Though dilatory to some degree, the ISC and the Show Cause Hearing were able to be held on the same day, and Plaintiff's acknowledgement, though late, prevented any further delay, showing dilatory tactics were not on the mind of Plaintiff's counsel. *See Cruz*, 896 F.2d at 632 ("the conduct sanctioned [need to] be more severe than mere

---

[4] In particular, Plaintiff's counsel's actions may be deemed to violate Rule 1.1 *Competence* ("[c]ompetent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.") and Rule 3.3 *Candor Toward the Tribunal* ("(a) A lawyer shall not knowingly: (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer[.]") of the ABA Model Rules of Professional Conduct. Model Rules of Prof. Conduct R. 1.1, 3.3 (Am. Bar Ass'n). Local Rule 83E (a) requires that any "attorney admitted or permitted to practice before this court shall comply with the standards of professional conduct required by the Model Rules of Professional Conduct." Local Rule 83E (a).
[5] *See Cruz*, 896 F.2d at 632.

negligence, inadvertence, or incompetence."). Therefore, Rule 11 sanctions are recommended instead.

### IV. CONCLUSION

Given the number of incorrect citations, faulty references, and non-existent cases cited by Plaintiff's counsel, sanctions are appropriate under Rule 11. Plaintiff's counsel should be ordered to pay the attorney's fees incurred by Defendants in relation to Plaintiff's submissions and filings at ECF Nos. 64 and 65. In the alternative, Plaintiff's counsel should face a monetary sanction. *See Benjamin,* 2025 WL 1195925 at *6 (collecting cases from across the country showing that courts have issued "a panoply of sanctions against attorneys who submitted fake cases… impos[ing] monetary sanctions ranging from $1,500 to $15,000.").

The parties have fourteen (14) days to file any objections to this report and recommendation unless otherwise ordered by the court. Failure to file the same within the specified time waives the right to object to this report and recommendation. Fed. R. Civ. P. 72(b)(2); Fed. R. Civ. P. 6(c)(1)(B); D.P.R. Civ. R. 72(d); *see also* 28 U.S.C. § 636(b)(1); *Henley Drilling Co. v. McGee*, 36 F.3d 143, 150–51 (1st Cir. 1994); *United States v. Valencia*, 792 F.2d 4 (1st Cir. 1986).

IT IS SO RECOMMENDED.

In San Juan, Puerto Rico, this 23rd day of June, 2025.

s/Marcos E. López  
U.S. Magistrate Judge
