UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| MINTVEST CAPITAL, LTD.<br><br>Plaintiff,<br><br>v.<br><br>NYDIG TRUST COMPANY; NYDIG MINING LLC; and STONE RIDGE HOLDINGS GROUP, LP,<br><br>Defendants. | ) Case No.: 25-1019 (FAB-MEL)<br>) **FEDERAL SECURITIES LAW**<br>) **VIOLATIONS,**<br>)  **UNJUST ENRICHMENT BREACH OF**<br>)    **CONTRACT,**<br>)<br>) **THIRD PARTY BENEFICIARY 31**<br>)<br>) **L.P.R.A. 3374**<br>)<br>) **DEMAND FOR JURY TRIAL**<br>)<br>) |

**OBJECTION TO REPORT AND RECOMMENDATION
DENYING LEAVE TO AMEND**

**TO THE HONORABLE COURT:**

**COMES NOW** Plaintiff Mintvest Capital, Ltd., through undersigned counsel, and very respectfully states and prays:

1. Among the determinations made by the Honorable Magistrate Judge's Report and Recommendation is that Plaintiff's Motion for Leave to Amend the Complaint should be denied because of undue delay because Plaintiff filed the motion after the deadline set in the Scheduling Order. Mintvest Capital very respectfully directs the Court's attention to *Amyndas Pharm., SA v. Zealand Pharma A/S,* 48 F.4th 18, 38-42 (1st Cir. 2022).

2. In *Amyndas,* the District Court denied leave to amend the complaint after it was dismissed. The Court held that "[t]aking four weeks to assimilate information – including information not publicly available until the day before the motion to

1

dismiss hearing - „„ is within the realm of reasonableness." *Id.* at 39-40. Here, the Report and Recommendation faults Plaintiff for taking more than a month to file its Motion for Leave to Amend, after receiving a redacted version of Defendants' merger agreement with Coinmint, LLC. In considering the totality of the circumstances, the *Amyndas* Court took into account the Amended Complaint's response to the Court's reasons for dismissing the original complaint combined with new information and held that the four weeks did not constitute undue delay.

3. Clearly, the *Amyndas* court does not discuss the scheduling order in that case, and Plaintiff therein may not have filed after the scheduling order because none may have been entered, given the procedural posture of the case. Nonetheless, Amyndas was not entitled to appeal as of right because the defendant had filed a responsive pleading. The *Amyndas* Court did find it appropriate to note that defendant had not "advanced any credible claim of prejudice," thus, prejudice is an element to be considered.

4. As for the conclusion that the District Court never had jurisdiction to consider the case because of the lack of jurisdiction, that runs contrary to Federal law expressly permits amendments to cure jurisdictional defects. Under 28 U.S.C. § 1653, "[d]efective allegations of jurisdiction may be amended." Adding federal question claims provides an independent basis for jurisdiction. This statutory provision "allows amendment of incorrect statements about jurisdiction that actually exists." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831 (1989).

5. Here, this Court's federal jurisdiction actually existed since the filing of the Complaint herein. In *Newman-Green,* the Supreme Court reversed the Circuit Court's

remand of the question whether a nondiverse dispensable party could dismissed from a case so that complete diversity existed and held that the Circuit Court had that authority pursuant to 28 U.S.C. §1653 and Rule 21 of the Federal Rules of Civil Procedure. *Id.* at 829-30. In other words, the Complaint as first filed contained a non-diverse Defendant, ostensibly forever depriving the District Court of jurisdiction, but the Supreme Court rejected that result.

6. The Supreme Court in *Newman Green* noted that [t]he existence of federal jurisdiction ordinarily depends on the facts as they exist when the case is filed." *Id.* at 830. [Citation omitted.] Then the Court went on to reason that such a rule had exceptions and ultimately held that the non-diverse party – who was in the original Complaint, thereby potentially depriving the District Court of jurisdiction at the beginning of the case – could be dismissed and the case could continue in federal court.

7. Here, Mintvest Capital acknowledged, based on Defendants' belated amendment to their Corporate Disclosure Statement, that no diversity jurisdiction existed. At the same time, the proposed amended Complaint was in the works thanks to the information in the redacted merger agreement,

**WHEREFORE,** Plaintiff respectfully requests that this Court to reject the Honorable Magistrate Judge's Report and Recommendation as set forth herein and grant Plaintiff Leave to Amend the Complaint.

**RESPECTFULLY SUBMITTED** in San Juan, Puerto Rico, this 7th day of July 2025.

**CERTIFICATE OF SERVICE**

**I HEREBY INFORM:** that on this date I have filed and uploaded this document to the CM/ECF system for notice to all parties.

S/Jane Becker Whitaker/
**JANE BECKER WHITAKER**
USDC No. 205110
PO Box 9023914
San Juan, PR 00902-3914
Tel.(787) 585-3824
E-mail: janebeckerwhitaker@gmail.com