UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| MINTVEST CAPITAL, LTD. | ) Case No.: 25-1019 (FAB-MEL) |
| | ) **FEDERAL SECURITIES LAW** |
| Plaintiff, | ) **VIOLATIONS,** |
| | ) **UNJUST ENRICHMENT BREACH OF** |
| v. | ) **CONTRACT,** |
| | ) |
| NYDIG TRUST COMPANY; NYDIG | ) **THIRD PARTY BENEFICIARY 31** |
| MINING LLC; and STONE RIDGE | ) |
| HOLDINGS GROUP, LP, | ) **L.P.R.A. 3374** |
| | ) |
| Defendants. | ) **DEMAND FOR JURY TRIAL** |
| | ) |

**OBJECTION TO REPORT AND RECOMMENDATION DENYING**

**TO THE HONORABLE COURT:**

**COMES NOW** Plaintiff Mintvest Capital, Ltd., through undersigned counsel, and very respectfully states and prays:

1. The undersigned used AI as a tool in drafting motions in this case. She recognized her error and apologized for it. She filed a Motion correcting the erroneous citations in the offending motion. While drafting that motion, the undersigned realized that Defendants' counsel must have used AI because they cited extensive language from a case that did not contain that language.

2. The Honorable Magistrate Judge recommends the sanction of payment of the attorneys' fees for the motions related to bringing the undersigned's errors to this

Court's attention or a monetary sanction. The Magistrate Judge finds that those errors demonstrated incompetence.[1]

3. Plaintiff mentioned Defendants' apparent AI use in her corrected Motion. How did Defendants react? Defendants did not recognize the error. Defendants did not apologize. Defendants did not correct the error.

4. How did the Magistrate Judge react? The Magistrate Judge corrected the error for Defendants.

5. Plaintiff presented the newly discovered realization that Defendants who so decried Plaintiff's use of AI in the original Draft Reply either used such a tool or for some other reason misstated the language contained in *In re Depuy Orthopaedics, Inc. ASR Hip Implant Prods. Liab. Litig.*, 953 F.3d 890, 895 (6th Cir. 2020).[2]

6. *In Re Depuy Orthopaedic, Inc. ASR Hip Implant Products Liability Litig.* does not collect the cases that Defendants say in its footnote 4 to the Opposition to the Motion to Amend avers that that case collects. The cases Defendants assert are collected in *In re Depuy* after the following quotation: "[S]everal circuit courts have noted that parties may not substitute new causes of action to allege federal-question jurisdiction" when diversity jurisdiction is lacking," listed as follows in bold: **E.g., Pressroom Unions-Printers League Income Sec. Fund v. Cont'l Assur. Co., 700 F.2d 889, 893 (2d Cir. 1983) (affirming denial of leave to amend where the plaintiff sought "not to remedy inadequate jurisdictional allegations, but rather to substitute a new**

---

[1] The undersigned has not wanted to mention her personal circumstances that led to her errors, but she now asks this Court to take into consideration that she drafted those motions while in her aunt's hospital room, as her last days slipped away from her. She had reviewed the cases and knew that they were incorrect but is not certain how text from earlier drafts remained in the motions filed. She mentioned this in passing during the hearing but is not sure the Magistrate Judge understood her reference to those circumstances.

[2] The undersigned realized that Defendants had miscited the case while reviewing her own motion for errors.

action over which there is jurisdiction for one where it did not exist"); *Cliffs Nat. Res. Inc. v. Seneca Coal Res., LLC*, 2018 WL 2012900, at *5 (D. Del. Apr. 30, 2018) ("Because federal diversity jurisdiction does not exist, I have no jurisdiction to consider Plaintiffs' Motion [for leave to amend]."); *Wong v. Colvin*, 2014 WL 4230079, at *4–5 (D. Or. June 10, 2014)[not cited in *In re Depuy*] ("Because plaintiffs cannot establish diversity jurisdiction under the original Complaint, this court cannot grant them leave to amend to allege federal question jurisdiction."); *Asset Value Fund Ltd. P'ship v. The Care Grp., Inc.*, 179 F.R.D. 117, 119 (S.D.N.Y. 1998)[not cited in *In re Depuy*] (rejecting leave to amend where the plaintiff "concedes that there is no diversity among the parties; thus its motion to add a federal securities fraud claim seeks not to correct a defect in the allegation of extant and otherwise valid jurisdictional facts, but to add an entirely new cause of action, based on facts not alleged in the original complaint, to create a different basis for federal subject matter jurisdiction"), *aff'd*, 182 F.3d 898 (2d Cir. 1999) are not collected in *In re Depuy.*

7. Defendants' Opposition cites *Depuy* as saying, "[S]everal circuit courts have noted that parties may not substitute new causes of action to allege federal-question jurisdiction" when diversity jurisdiction is lacking. (collecting cases).

8. What *In re Depuy* says, in fact is: "And several circuit courts have noted that parties may not "'substitute new causes of action' to allege federal question jurisdiction where other grounds for jurisdiction have been defeated." Commercial Union Ins. Co. v. United States, 999 F.2d 581, 585 (D.C. Cir. 1993) (quoting Boe/ens v. Redman Homes, Inc., 759 F.2d 504,512 (5th Cir. 1985)); see Saxon_Fibers, LLC_v.

      Wood, 118 F. AR ,2§£ (4th Cir. 2005).; *Advani Enters., Inc. v. Underwriters at Lloyds,* 140 F.3d 157, 161 (2d Cir. 1998); *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization,* 858 F.2d 1376, 1380-81 & n.3 (9th Cir. 1988); *Brennan v. Univ. of Kan.,* 451 F.2d 1287, 1289 (10th Cir. 1971).

9. Which is to say that the cases that Defendants cites in its footnote 4 are not the cases that *Depuy* collected. The cases Defendants cite are:

    *E.g.*, *Pressroom Unions-Printers League Income Sec. Fund v. Cont'l Assur. Co.*, 700 F.2d 889, 893 (2d Cir. 1983) (affirming denial of leave to amend where the plaintiff sought "not to remedy inadequate jurisdictional allegations, but rather to substitute a new action over which there is jurisdiction for one where it did not exist"); *Cliffs Nat. Res. Inc. v. Seneca Coal Res., LLC*, 2018 WL 2012900, at *5 (D. Del. Apr. 30, 2018) ("Because federal diversity jurisdiction does not exist, I have no jurisdiction to consider Plaintiffs' Motion [for leave to amend]."); *Wong v. Colvin*, 2014 WL 4230079, at *4–5 (D. Or. June 10, 2014) ("Because plaintiffs cannot establish diversity jurisdiction under the original Complaint, this court cannot grant them leave to amend to allege federal question jurisdiction."); *Asset Value Fund Ltd. P'ship v. The Care Grp., Inc.*, 179 F.R.D. 117, 119 (S.D.N.Y. 1998) (rejecting leave to amend where the plaintiff "concedes that there is no diversity among the parties; thus its motion to add a federal securities fraud claim seeks not to correct a defect in the allegation of extant and otherwise valid jurisdictional facts, but to add an entirely new cause of action, based on facts not alleged in the original complaint, to create a different basis for federal subject matter jurisdiction"), *aff'd*, 182 F.3d 898 (2d Cir. 1999).

6. The language in Defendants' footnote 4 is not found in *Depuy*.

7. What is good for the goose is good for the gander. If the Court's response to Defendants' use of artificial intelligence is to correct that error, then, at the very least, the Report and Recommendation could have recommended accepting the undersigned's apology and accepting the corrected motion.

**WHEREFORE,** Plaintiff respectfully requests that this Court to reject the Honorable Magistrate Judge's Report and Recommendation as to the Motion for Sanctions.

**RESPECTFULLY SUBMITTED** in San Juan, Puerto Rico, this 7th day of July 2025.

### CERTIFICATE OF SERVICE

**I HEREBY INFORM:** that on this date I have filed and uploaded this document to the CM/ECF system for notice to all parties.

S/Jane Becker Whitaker/
**JANE BECKER WHITAKER**
USDC No. 205110
PO Box 9023914
San Juan, PR 00902-3914
Tel.(787) 585-3824
E-mail: janebeckerwhitaker@gmail.com