**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

| | |
|---|---|
| MINTVEST CAPITAL, LTD., <br>                         Plaintiff, <br><br> v. <br><br> NYDIG TRUST COMPANY, NYDIG MINING LLC, and STONE RIDGE HOLDINGS GROUP, LP, <br>                         Defendants. | Case No. 3:25-cv-01019-FAB |

**DEFENDANTS' MOTION TO STAY DEADLINE TO RESPOND TO WRITTEN DISCOVERY REQUESTS, OR ALTERNATIVELY, FOR A SECOND EXTENSION OF TIME TO PRODUCE RESPONSES**

Defendants NYDIG Trust Company, LLC, NYDIG Mining, LLC, and Stone Ridge Holdings Group, LP (collectively, "Defendants") respectfully request a brief stay on written discovery until the Court enters an order regarding Magistrate Judge López's Report and Recommendation ("R&R"), which recommends the dismissal of the case at bar, (ECF No. 99). In support, Defendants respectfully state as follows:

On the heels of the order authorizing an extension of time for Defendants to respond to written discovery requests, Plaintiff informed the Court that it filed an amended complaint in a new related case, Civil No. 25-1346 (PAD), against the same and additional defendants. That complaint asserts a variety of fraud claims under the Racketeer Influenced and Corrupt Organizations Act (RICO) and other statutes for matters involving Ashton Soniat and Energy & Compute, LLC, f/k/a Coinmint, LLC and at the crux of both actions. The development is significant and merits a short stay, or alternatively, an additional extension as to the written discovery responses due on August 29, 2025, not least because Plaintiff's new complaint claims that discovery is needed to bolster its factual allegations. Meanwhile, the threshold jurisdictional

1

issues in this case loom as Defendants are faced with producing discovery responses. Expending additional resources in discovery proceedings here is not warranted under the circumstances.

## **RELEVANT BACKGROUND**

Plaintiff served written discovery on Defendants, including interrogatories, requests for admission, and requests for production, with responses currently due on August 29, 2025. (ECF No. 112). Yet, proceeding with such discovery at this stage would be premature and, ultimately, wasteful if the Court grants Defendants' motions to dismiss. Pending before the Court is the Magistrate Judge's R&R, which recommends dismissal of this action for lack of subject matter jurisdiction and, as a result, deems moot Plaintiff's request to amend the complaint to add securities fraud claims. (ECF No. 99).

In the meantime, and anticipating dismissal, Plaintiff filed a separate lawsuit—Civil Case No. 25-1346-PAD—describing it as "related," though in substance it is a new action seeking relief unavailable in this case. (ECF No. 113; Civil No. 25-1346-PAD, ECF No. 4). Notably, as here, the operative complaint in Civil Case No. 25-1346-PAD includes allegations regarding the alleged sale of Coinmint LLC. (Civil No. 25-1346-PAD, ECF No. 4, pp. 14-16). Further, like the amended complaint that the R&R advises rejecting, the complaint in Civil Case No. 25-1346-PAD asserts securities fraud allegations and claims. (ECF No. 54-1; Civil No. 25-1346-PAD, ECF No. 4, pp. 16-17, 21-22). These circumstances highlight why a stay of discovery is warranted: pressing forward with discovery now would not only impose unnecessary burdens on Defendants because the jurisdictional issue remains unresolved, but also risk giving Plaintiff an unduly prejudicial tactical advantage in the newly filed action.

## ARGUMENT

"The court has broad discretion to stay discovery pending resolution of a motion to dismiss." *Torres-Román v. Martínez-Ocasio*, No. 21-cv-01621 (GMM), 2023 U.S. Dist. LEXIS 214735, at *12 (D.P.R. Dec. 1, 2023) (collecting cases). A stay may be issued only for good cause, must be reasonable in duration, and requires the court to carefully weigh and balance the competing equities. *Id.* (citing *Marquis v. F.D.I.C.*, 965 F.2d 1148, 1155 (1st Cir. 1992)). The moving party bears the burden of demonstrating both good cause and the reasonableness of the requested stay. *Id.* (collecting cases).

Here, good cause exists for a temporary stay. Defendants' responses to Plaintiff's written discovery are due on August 29, 2025, yet the Magistrate Judge has issued an R&R recommending dismissal for lack of subject matter jurisdiction and rejecting Plaintiff's improper request to amend the complaint to add securities-fraud claims and "cure" the jurisdictional defects. *See Halawi Inv. Tr., SAL v. Bos. Merch. Fin., Ltd.*, No. CIV.A. 13-11631-NMG, 2014 WL 2515697, at *2 (D. Mass. June 2, 2014) (staying all discovery "until [the Court] decides whether it has [subject-matter] jurisdiction over this case"); *see also Dynamic Image Techs., Inc. v. United States*, 221 F.3d 34, 39 (1st Cir. 2000) (affirming stay of discovery "pending a resolution of the [subject-matter] jurisdictional question" that "lies on the doorstep of th[e] case"). Requiring Defendants to collect, review and produce discovery at this stage would impose significant and unrecoverable costs. Moreover, the discovery will serve no purpose if the Court adopts the Magistrate Judge's dismissal recommendation for lack of subject matter jurisdiction. *See Lawrence v. Governor of Georgia*, 721 F. App'x 862, 864-65 (11th Cir. 2018) (affirming stay of discovery due to "the district court's likely lack of subject matter jurisdiction"). Though discovery burdens are considered "a consequence of our judicial system and the rules of civil procedure[,]" subjecting a party to

discovery when a motion to dismiss is pending may, in fact, impose undue burden or expense if the dismissal is granted. *See PopSockets LLC v. Online King LLC*, Civil Action No. 19-cv-01277-CMA-NYW, 2019 U.S. Dist. LEXIS 177148, at *10 (D. Colo. Oct. 11, 2019) (citing *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PAC, 2006 U.S. Dist. LEXIS 97388, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).

There is no indication in the record that the discovery sought is necessary to establish or determine subject matter jurisdiction or resolve a threshold issue. To the extent the R&R concludes that there is no such jurisdiction, and that there are other foundational problems in the complaint warranting dismissal, it is difficult to construe the pending written discovery as a fair and proper use of judicial and party resources.

Plaintiff has already filed a new lawsuit before this District Court, Civil No. 25-1346, styled as "related" but in substance a separate case, seeking relief it could not obtain here. (ECF No. 113). That new complaint includes allegations concerning the purported sale of Coinmint LLC and asserts RICO and securities-fraud claims rejected in this case, while expressly asserting Mintvest's need for discovery to bolster allegations of fraud and predicate acts of racketeering. Requiring Defendants to respond to discovery at this stage will allow Plaintiff to obtain information to support its newly filed action before Defendants even have an opportunity to respond to the new complaint's allegations.[1] (Civil No. 25-1346, ECF No. 4 at 2-3, 24). Such result not only sidesteps the jurisdictional defects identified in the R&R but also gives Plaintiff an undue advantage it is not entitled to. As noted, overlapping issues across the two cases create a concrete risk that Defendants' answers to Plaintiff's requests by August 29, 2025 will ultimately harm their defense

---

[1] To our knowledge, none of the defendants in Civil No. 25-1346 have been served.

in the recently filed case, or at least, result in duplicative or inconsistent discovery obligations. For this reason too, written discovery should be paused.

The stay sought is modest in scope and reasonable in duration. *See Marquis*, 965 F.2d at 1155. Defendants request only a brief pause, limited to the time necessary for the Court to resolve the R&R. This is not an open-ended delay but a practical safeguard to avoid unnecessary costs and burdens on the parties, who will inevitably end up litigating the claims now asserted in Civil No. 25-1346. A short stay ensures that, if discovery is to occur, it takes place in a case properly before the Court and with clearly defined claims and parties. By contrast, any prejudice to Plaintiff from a short pause in proceedings is minimal: evidence will be preserved, and if discovery ultimately proceeds, it will do so on a proper jurisdictional footing. In fact, Plaintiff had consented to Defendants' request for an extension of 20 days to produce responses, to run from the Court's order on the pending R&R. (ECF No. 111).

The balance of equities strongly favors a stay. *See id.* Without a stay relief, the parties will face costly discovery disputes that would demand Court intervention despite the real possibility that this case will be dismissed as recommended. A short pause, by contrast, conserves resources, promotes efficiency, protects third parties such as the entities named as defendants in Civil No. 25-1346 from unnecessary and untimely burdens, and ensures that discovery occurs only if and when it is necessary. *See Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).

Accordingly, because the R&R recommends that the Court dismiss Plaintiff's claims in their entirety, Defendants respectfully request a limited stay of the current discovery deadline of

August 29, 2025, and an additional brief extension of 20 days after the Court issues a final ruling on the R&R to respond to Plaintiff's written discovery requests. This relief will preserve the status quo, conserve resources, and prevent undue prejudice on Defendants by requiring them to proceed with discovery while the threshold jurisdictional issue is unresolved.

**Wherefore**, Defendants respectfully request that the Court grant this motion to stay the August 29, 2025 response deadline and an extension of 20 days for Defendants to respond to Plaintiff's written discovery requests, to run from the date the Court enters an order resolving Magistrate Judge López's R&R, and grant any further relief deemed just and appropriate.

**We hereby certify** that, on this date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to attorneys of record for the parties.

**Respectfully submitted** in San Juan, Puerto Rico, on August 28, 2025.



PO Box 195075
San Juan, PR 00919-5075
Tel.: (787) 523-3434
Fax: (787) 523-3433
jcasillas@cstlawpr.com
vacevedo@cstlawpr.com
ndelnido@cstlawpr.com

*s/JUAN J. CASILLAS AYALA*
USDC-PR No. 218312

*s/VÍCTOR O. ACEVEDO HERNÁNDEZ*
USDC-PR No. 227813

*s/NATALIA E, DEL NIDO-RODRÍGUEZ*
USDC-PR No. 301410

*/s/ John Arrastia*
John Arrastia, Esq. (*Pro Hac Vice*)
**CONTINENTAL PLLC**
255 Alhambra Cir. Suite 640
Coral Gables, FL 33134
Tel: 305-677-2707
JArrastia@continentalpllc.com

6