```
           IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF PUERTO RICO
```

MINTVEST CAPITAL, LTD,

    **Plaintiff**

                  v.                      **Civil No.** 25-1019 (FAB)

NYDIG TRUST COMPANY, NYDIG MINING LLC, and STONE RIDGE HOLDINGS GROUP, L.P.,

    **Defendants**

**MEMORANDUM AND ORDER**

BESOSA, Senior District Judge.

    Before the Court are plaintiff Mintvest Capital, Ltd. ("Mintvest")'s "Notice of Void Notice of Dismissal" (Docket No. 132), and its motion to vacate judgment. (Docket No. 134.) For the reasons set forth below, plaintiff's dismissal notice is **NOTED** (Docket No. 132), and its motion to vacate judgment is **DENIED** (Docket No. 134.)

    On November 25, 2025, DB Mtg., LLC ("DBM")'s attorneys filed an appearance and a stipulation of dismissal pursuant to Federal

Civil No. 25-1019 (FAB)                                                    2

Rule of Civil Procedure 41(a)[1] ("Rule 41(a)").  (Docket No. 124, Docket No. 125, Docket No. 126.)  DBM notified the Court that it had become the real party in interest after it had bought the rights, title and interests of Mintvest at a public auction in Florida.  (Docket No. 126.)  DBM stated that, as the real party in interest, it had reached a settlement with defendants, and requested that the action be dismissed with prejudice.  <u>Id.</u>  The same day, the Court entered judgment dismissing the case with prejudice.  (Docket No. 128; Docket No. 129.)  DBM did not move to substitute itself for Mintvest pursuant to Rule 25(c)[2] or become a party in the case.

On December 9, 2025, Mintvest filed a notice arguing that the stipulation of dismissal is void because Rule 41(a) required the

---

[1] Federal Rule of Civil Procedure 41 states, in relevant part:
(a)Voluntary Dismissal

    (1)   *By the Plaintiff.*

        (A) *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

           (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

           (ii) a stipulation of dismissal signed by all parties who have appeared.

[2] "If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c).

signature of all parties, including Mintvest's, and that DBM could not stipulate to dismiss the case because it is not a party in the action.  (Docket No. 132.)  Two days later, Mintvest filed a motion to vacate the judgment.  (Docket No. 134.)  It argued the judgment should be vacated for three reasons:  (1) the stipulation of dismissal lacked its signature as required by Rule 41(a); (2) as a non-party, DBM could not file a stipulation; and (3) the Texas judgment which allowed the sale of Mintvest's interests in Florida is null and void.  Id.  DBM opposed (Docket No. 140; Docket No. 144), Mintvest replied (Docket No. 148; Docket No. 157), and DBM sur-replied (Docket No. 164, Docket No. 167).

Before addressing Mintvest's arguments for vacating the judgment, the Court will first address DBM's argument that the Court lacks subject matter jurisdiction because there is no complete diversity pursuant to 28 U.S.C. § 1332.  See Docket No. 144 at pp. 4-5.  Although DBM is not a party, "[i]t is black-letter law that a federal court has an obligation to inquire *sua sponte* into its own subject matter jurisdiction."  McCulloh v. Vélez, 364 F.3d 1, 5 (1st. Cir. 2004); González Tomasini v. U.S. Postal Servs., Civ. No. 17-1552, 2022 WL 2819974, at *3 (D.P.R. July 19, 2022).

Civil No. 25-1019 (FAB)                                                    4

Mintvest's complaint was based on diversity jurisdiction pursuant to 28 U.S.C. § 1332.[3]  See Docket No. 1 at p. 2.  Section 1332 states that for diversity jurisdiction to attach the parties must be citizens of different states and the amount in controversy must exceed $75,000.  28 U.S.C. § 1332.  "[A] person is a citizen of the state in which he is domiciled."  Bank One, Texas v. N.A. Montle, 964 F.2d 48, 49 (1st Cir. 1992).  The citizenship of legal entities, not including a corporation,[4] is generally the citizenship of all the entity's members.  Specifically relevant here, a limited partnership's citizenship is determined by the citizenship of all its members.  See BRT Mgmt. LLC v. Malden Storage LLC, 68 F.4th 691, 695–96 (1st Cir. 2023) ("[N]on-corporate legal entities take the citizenship of their members.").

According to the complaint, Mintvest is incorporated in the state of Delaware.  (Docket No. 1 at p. 1.)  Mintvest is therefore a citizen of Delaware.  To determine the defendants' citizenships, the Court looks at the amended corporate disclosure.  According to

---

[3] During the Initial Scheduling Conference with Magistrate Judge López on June 12, 2025, Mintvest conceded that there was no diversity jurisdiction.  (Docket No. 98; Docket No. 99 at p. 6.)  Despite the concession, Court will analyze whether there is subject matter jurisdiction.

[4] Corporations are "considered a citizen of the State where it has its principal place of business," as well as a citizen of its state of incorporation.  Americold Realty Tr. v. Conagra Foods, Inc., 577 U.S. 378, 381, (2016); 28 U.S.C. § 1332(c).

Civil No. 25-1019 (FAB)                                                    5

the disclosure, Stone Ridge Holdings Group, LP ("Stone Ridge") is a limited partnership organized under the laws of the state of Delaware, and one of Stone Ridge's members is New York Life Insurance and Annuity Corporation, which is a corporation that is incorporated and exists under the laws of the State of Delaware. (Docket No. 51 at p. 1.)  Because New York Life Insurance and Annuity Corporation is a citizen of Delaware, Stone Ridge is also a citizen of Delaware for diversity purposes.  <u>Id.</u>  The other defendants, however, are also limited liability companies and according to the defendants, Stone Ridge is a member of these limited liability companies. <u>See</u> Docket No. 51.  Thus, it appears that all defendants are citizens of Delaware and there is no diversity of citizenship among all the parties.  The Court lacks subject-matter jurisdiction, which results in a dismissal without prejudice.  <u>See</u> <u>Ceballos-Germosen v. Doctor's Hosp. Ctr. Manatí</u>, 62 F.Supp.3d 224, 233 (D.P.R. 2014) (Gelpí, J.).  ("[A] dismissal for lack of subject matter jurisdiction is not a dismissal on the merits and has no res judicata effect.").

At this stage in the case, Mintvest's previous attempt to amend the complaint to include federal claims and create federal question jurisdiction would be futile.  <u>See</u> Docket No. 54. Mintvest filed another civil action in this district with the same federal causes of actions, parties and allegations as the proposed

Civil No. 25-1019 (FAB)                                                6

amended complaint. <u>Compare</u> Docket No. 1 with Civ. Case No. 25-1346 (PAD), Docket No. 4. That second case has since been dismissed with prejudice and the federal claims alleged there cannot be relitigated here. <u>See</u> <u>id.</u>; <u>see also</u> <u>Allen v. McCurry</u>, 449 U.S. 90, 94 (1980) ("[A] final judgment of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."). There is, however, no preclusive effect concerning the state law claims alleged in this case because those alleged in this case differ from those in the case before Judge Pedro Delgado. <u>Compare</u> Docket No. 1 with Civ. Case No. 25-1346 (PAD), Docket No. 4. Accordingly, because the Court lacks subject matter jurisdiction here, the Court will enter an amended judgment reflecting that the case is dismissed without prejudice.[5]

Because the Court does not have subject matter jurisdiction, it need not address Mintvest's notice that the stipulation of dismissal is void, and Mintvest's motion to vacate judgment. The Court merely notes that DBM is not a party in the case and cannot stipulate a dismissal. <u>See</u> Fed. R. Civ. P. 41(a) ("[T]he plaintiff may dismiss the case without a court order by filing . . . a stipulation of dismissal signed by <u>all parties</u> who have appeared.")

---

[5] In its motion, Mintvest raised an argument that the sale of Mintvest's interests in Florida was based on a void judgment from Texas. (Docket No. 134 at pp. 5-12.) Because the Court lacks subject matter jurisdiction, it will not analyze or comment on the validity of the judgment.

Civil No. 25-1019 (FAB)                                                    7

(emphasis added); <u>United States v. Transocean Air Lines, Inc.</u>, 356 F.2d 702, 704-05 (5th Cir. 1966) (stating that a trustee who fails to file a motion pursuant to Rule 25(c) and become a party in the case cannot stipulate a dismissal under Rule 41(a) "even though there had been an effort to secure a dismissal by stipulation.").

Accordingly, plaintiff Mintvest's "Notice of Void Notice of Dismissal" is **NOTED** (Docket No. 132), and its motion to vacate judgment pursuant to Rule 60(b) is **DENIED**.  (Docket No. 134.)

An amended judgment dismissing this case without prejudice shall be issued.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, February 23, 2026.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
SENIOR UNITED STATES DISTRICT JUDGE
